ORIGINAL COPY
TO
U.S. DIST. CT

RECEIVED
2006 JAN 20 A 9:35

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY WADE DAVIS, PRO SE<br>PLAINTIFF<br>V.<br>GWENDOLYN MOSLEY,<br>WARDEN III, ET. AL.<br>DEFENDANT | 2:06-CV-10-MEF |

MOTION FOR THE APPOINTMENT OF COUNSEL

COMES NOW THE PLAINTIFF, RICKY WADE DAVIS-#173073, A STATE PRISONER, PRO SE, WITH ASSISTANCE OF PRISONER, THOMAS OTTER ADAMS-#100612, WHO BEFORE THIS HONORABLE COURT. UNITED STATES MAGISTRATE JUDGE, DELORES R. BOYD, PRAYS TO BE GRANTED APPOINTMENT OF COUNSEL, PURSUNT TO THE 28 U.S.C. §, 1915 (E)(1),

TO SUPPORT THIS MOTION, THE PLAINTIFF DAVIS STATES;

Supporting Facts

(1) Plaintiff is financially unable to afford counsel in this action, and has requested for leave to proceed in forma pauperis.

(2) Plaintiff has mailed to the Clerk of the Court, Debra Hackett, the total amount of $250.00, two hundred and fifty dollars, as ordered on January 6, 2006, by this Court.

(3) The complaint in this case alleges that the plaintiff Davis, and others, held in the segregation unit of Easterling Correctional Facilities, 5 B, are, were and will likely be subjected to the misuse of force by correctional officers, some of whom have actively participated and others who have watched/witnessed and failed to intervene.

(4) This complaint alleges that supervisors were aware of the violent propensities of these officers and are liable for failing to take any actions to control them.

(5) THE PLAINTIFF'S PRESENT IMPRISONMENT AND CONFINEMENT IN THE SEGREGATION UNIT WILL SEVERLLY LIMIT HIS ABILITY TO RESEARCH AND THEN LITIGATE, PLAINTIFF CONTENDS THAT THE "LAW LIBRARY" VISITS SEG. UNIT ONCE OR TWICE A WEEK, PLAINTIFF HAS VERY LIMITED ACCESS TO LAW LIBRARY, AND ABSOLUTELY NO KNOWLEDGE OF LAW.

(6) PLAINTIFF SUBMITS FOR THE COURTS OWN EXAMINATION A "SAMPLE" OF INMATE DAVIS OWN HAND-WRITING, IN HIS PERSONAL REQUEST TO THE COURT FOR AN APPOINTED ATTORNEY. (PLAINTIFFS EXHIBIT #1). (PLAINTIFF'S EXHIBIT #2), (PLAINTIFF'S EXHIBIT #3).

(7) PLAINTIFF DAVIS IS SERVING AND "INDEFINATE" SENTENCE IN 5B, SEGREGATION UNIT, FOR THIS REASON, THE PLAINTIFF HAS NO ABILITY TO EVER INVESTIGATE THE FACTS OF THIS COMPLAINT.

(8) PLAINTIFF DAVIS, HAS NOW DEMANDED A JURY TRIAL.

(9) THIS ACTION WILL REQUIRE THE DISCOVERY OF DOCUMENTS AND DEPOSITIONS OF A NUMBER

of witnesses,

(10) The testimony in this action will be in sharp conflict and an attorney would better examine and enable the plaintiff Davis, to present evidence and then cross-examine.

(11) As is set forth in the memorandum of law submitted with this motion, these facts, along with the legal merit of the plaintiffs claims then also supports the appointment of an attorney to represent plaintiff Ricky Wade Davis.

I, hereby certify and affirm under oath and by signature that the foregoing motion for the appointment of counsel is true and correct to the best of my belief and knowledge.

Done this day of 1/18/06, 2006

X Ricky W Davis #173073

Ricky Wade Davis- 170373

Pursuant to Johnson v. Avery 393 U.S. 483(1969)

Thomas Adams - 100612