ORIGINAL COPY TO U.S. DIST CT.

RECEIVED
2006 JAN 20 A 9:35

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY WADE DAVIS, PRO SE PLAINTIFF  V.  GWENDOLYN MOSLEY, WARDEN, ET. AL., DEFENDANT(S) | 2:06-CV-10-MEF. |

MEMORANDUM OF LAW

Comes now the Plaintiff, Ricky Wade Davis, #170373, a pro se litigant, state prisoner, assisted by prisoner Thomas Adams-100612, before this Honorable Court, United States Magistrate Judge, Delores R. Boyd, who presents for this Courts examination the following;

## STATEMENT OF THE CASE

This case is an alleged civil rights violation of the Constitutions 8th Amendment, filed by a state prisoner, pursuant to 42 U.S.C. § 1983.

The Plaintiff, Ricky Wade Davis, is asserting claims against Correctional Officers and their Warden, for the unconstitutional use of malicious force, while being hand-cuffed behind his back, the denial and neglect of immediate emergency medical care for injuries (busted mouth and loose teeth, a black-eye (R.),, bloody nose, and hearing loss, blurred vision) which was sustained in the Segregation unit.

The Plaintiff, maintains that this present incident of abuse is only one of several episodes of prisoner abuse and excessive force.

The Plaintiff seeks damages as to all claims, having at one point sought a Temporary Restraining Order against Officers Floyd, Williams and their Sargent Bryant, this motion was denied.

(1)

## ARGUMENT

Plaintiff maintains that in deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claims, and the complexity of the legal issues.
Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th, 1991)

In addition Courts have suggested that the most important factor is whether the case has merit
Cooper v. Sargenti Co. Inc., 877 F.2d 170, 173, (2nd 1989)

Plaintiff maintains that each of these factors now weighs in favor of this Honorable Courts, appointing counsel in this case.

(2)

Factual Complexity:

The Plaintiff Davis alleges that on two occasions, correctional officers have physically abused him using excessive force and brutality while others, including supervisors watched.

Plaintiff asserts that certain prison officials were on notice of the violent propensities of these officers and have done nothing.

Plaintiff maintains that the denial of medical care for over 16 hours, the prisoner then losing blood from a busted mouth, examples a callous and indifferent treatment.

Moreover the Plaintiff Davis avers that issues of a psychological nature, due to long-term isolation, the fact of a severe learning disability and associated behaviors will probably require the presentation of expert consultants, psychologist(s) and then psychiatrist(s) reports and testimony. This requirement, the likelyhood of this, also gives strong support to this Courts appointment of Counsel for Plaintiff Davis.

Moore v. Mabos 976 F.2D. 268, 272 (5th 1992)

(3)

Jackson v. Co. of McClean, 953 F.2D 1070, 1073 (7th 1992)
Tucker v. Randall 948 F.2D. 388, 342 (7th 1991)

Plaintiff's ability to investigate:

Plaintiff maintains that because of the conditions of confinement, he will not be capable or able to investigate all the facts of this complaint.

Plaintiff Davis contends that his segregation time is from August of 2005 - April of 2007, likely to be spent in a one-man cell. This type of sentencing is common among seg darm prisoners.

Plaintiff Davis has very little education, very little comprehension and reading skill, thereby no ability to investigate.

Plaintiff is unable to locate or interview any other inmates who were/are victims of excessive force, when showing a pattern of practice, to view evidence physical injury and psychological torture.

Moreover this particular case will also require considerable discovery concerning the identity of witnesses, officers reports and statements, history of officers with prior records of misuse of force,

(4)

brutality, excessive use of force, and any of plaintiffs medical records, including "body charts".
Tucker v. Dickey 613 F.Supp. 1124, 1133, (W.D. Wis. 1985)

Plaintiffs evident need for discovery, also supports an appointment of counsel by this Honorable Court.
Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988)
Armstrong v. Snyder, 103 F.R.D. 96, 105, (E.D. Wis. 1984)

Conflicting testimony;

Plaintiff Davis' account of his beatings and physical abuse will likely be squarely in conflict with statements of the Ala. Dept. of Corrections personnel, correctional officers, as well as accounts of assault and abuse done to other inmates and former inmates who were housed in E.C.F.'s Seg. Unit. The very existence of these credibility issues, clearly supports the appointment of counsel.
Gaston v. Coughlin. 679 F.Supp. 270, 273, (W.D.N.Y. 1988)

(5)

Ability of the Indigent to present his Claim

Plaintiff Davis is an indigent prisoner, who has no legal training, certainly a factor that largely supports the appointment of Counsel.
<u>Whisenant v. Yuam 739 F.2D. 160, 163 (4th 1984)</u>
Also Plaintiff is confined to segregation unit an expected release in April of 2007 and has a very limited access to any legal materials.
<u>Rayes v. Johnson 969 F.2D 700, 703-04 (8th 1992)</u>
This case cites a lack of "ready access" to a Law Library as a factor in the supporting appointment of an Attorney.


Legal Complexity;
Plaintiff Davis contends that the large number of defendants, some of whom are supervisors, then presents many complex issues in determining those defendant(s) personally involved, to be held liable.
Plaintiff Davis has requested a jury trial on all matters triable, which then requires much greater legal skill than the Plaintiff has or can then accomplish

(6)

or now develop.
<u>ABDULLAH v. GUNTER 949 F.2D 1032, 1036 (8th 1991)</u>
A prisoner/plaintiff's request for a jury trial is a determining factor supporting an appointment of counsel.

MERIT OF THE CASE:

The plaintiff's averment is, that when those allegations are proved, would clearly establish a "pattern of practice" and constitutional violation(s). These unprovoked and injurious beatings alleged in the original complaint clearly states the violation of the United States Constitutions Eighth Amendment.
  The plaintiff's allegations of the denial and delay of emergency medical care actually amounts to a callous, deliberate indifference that the U.S. Supreme Court has specifically cited as an example of same. in,
<u>ESTELLE v. GAMBLE 429 U.S. 97, 105 (1976)</u>

  Plaintiff Davis, a state prisoner, maintains that, on its face, this case is a meritorious case.

  Plaintiff then concludes, by the prayer

(7)

and request that this Honorable Court grant this motion for the Appointment of Counsel.

It is so prayed!

I hereby certify under the penalty of perjury that I have had read to me the foregoing motion and Memorandum of Law in support of the motion to appoint, it is true and correct to the best of my belief and knowledge.

Done this _____ day of 1/15/2006

x Ricky W. Davis   # 173073
Ricky Wade Davis - 173073
SB-11   E.C.F.
200 Wallace Dr.
Clio, Alabama
36017

Pursuant to Johnson v. Avery 393 U.S. 483 (1969) and Gibbs v. Hopkins 10 F.3d. 373, 378 (6th 1993) I am:

Thomas Adams 100612
Thomas Adams - 100612
SB-8   E.C.F.

(8)

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this, Motion for the Appointment of Counsel and the Memorandum of Law to:

Kim Thomas, Legal Division
301 S. Ripley St.
P.O. Box 301501
Montgomery, Ala. 36130-1501

Properly addressed and first class postage pre-paid as is proper.

This   Day of   1/18/2006

x Ricky W Davis   # 173073

Ricky Wade Davis - 173073
SB-11  E.C.F.
200 Wallace Dr.
Clio, Alabama 36017-

RD/ja;