IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKY WADE DAVIS AIS #173073 | * | |
| | * | |
| Plaintiff, | * | |
| V. | * | 2:06-CV-10-MEF |
| | * | |
| SGT. BRYANT, et al., | * | |
| Defendants. | * | |
| | * | |

**AFFIDAVIT OF PEARL McKINNON, L.P.N.**

**BEFORE ME,** _Linda A. Wilkinson_, a notary public in and for said County and State, personally appeared **PEARL McKINNON, L.P.N.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

"My name is Pearl McKinnon. I am over the age of twenty-one and am personally familiar with all of the facts set forth in this Affidavit. I have been a licensed, practical nurse in Alabama since 1988. I have been employed as a nurse at Easterling Correctional Facility in Clio, Alabama, since 1992. Since November 3, 2003, and at all times relevant to this case, I have been employed by Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

Ricky Wade Davis (AIS #173073) is an inmate who has been incarcerated at Easterling Correctional Facility at all times pertinent to this lawsuit. I am familiar with Mr. Davis and have been involved with the medical services provided to him at Easterling. In addition, I have

reviewed Mr. Davis's Complaint in this action as well as his medical records (certified copies of which are being produced to the Court along with this Affidavit).

It is my understanding that Mr. Davis has made a Complaint in this matter that I failed to provide him with medical evaluation and/or treatment on December 30, 2005 following an alleged altercation with Alabama Department of Corrections Officers. Mr. Davis's allegations are simply untrue, as I have acted appropriately at all times in caring for this inmate.

On December 30, 2005, I was serving as segregation pill call nurse. As segregation pill call nurse, I was responsible for administering medication to inmates located in segregation dorm #5. On this date, I was escorted to the dormitory at approximately 2:30 a.m. in order to administer medication to inmates. While I was in dormitory #5, inmate Davis began repeatedly kicking his cell door. Due to the disturbance, I was escorted back to the Infirmary. Approximately 30 minutes later, I was escorted again to segregation dorm #5 to complete administering medication. While I was making my rounds, Mr. Davis stated to me that he wanted medical evaluation subsequent to being in an altercation with Alabama Department of Corrections Officers. While speaking with Mr. Davis I noticed some redness on the right side of his face. He was not in acute distress. I subsequently spoke with Officer Williams and relayed Mr. Davis's request for evaluation to him. I returned again to the Infirmary.

At approximately 4:15 a.m., I called Officer Jones in order to inquire about Mr. Davis's request for evaluation. Sgt. Bryant returned my call and told me that evaluation was unnecessary.

Based on my review of Mr. Davis's medical records, and on my personal knowledge of the treatment provided to him, it is my opinion that all of his medical conditions and complaints have been evaluated and treated in a timely and appropriate fashion. Mr. Davis has been seen and evaluated by the medical or nursing staff, and has been referred to an appropriate care

provider and given appropriate care, each time he has registered any health complaints at Easterling Correctional Facility. At all times, myself and the other healthcare providers at Easterling have exercised the same degree of care, skill, and diligence as other similarly situated health care providers would have exercised under the same or similar circumstances. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate.

At no time have I or any of the medical or nursing staff at Easterling Correctional Facility denied Mr. Davis any needed medical treatment, nor have we ever acted with deliberate indifference to any serious medical need of Mr. Davis. At all times, Mr. Davis's medical complaints and conditions have been addressed as promptly as possible under the circumstances."

Further affiant sayith not.

_____
PEARL McKINNON, L.P.N.

STATE OF ALABAMA      )
                      )
COUNTY OF Barbour     )

Sworn to and subscribed before me on this the 3rd day of March, 2006.

_____
Linda A. Wilkinson
Notary Public

My Commission Expires:

9/16/2007