IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY WADE DAVIS, #173073, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:06-CV-10-MEF |
| | ) |
| SGT. BRYANT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## SPECIAL REPORT

COME NOW, the Defendants, **Donal Campbell, Gwendolyn Mosley, Robert Bryant, William Floyd, and Kerry Williams,** and in accordance with this Honorable Court's Order of January 24, 2006, do hereby submit the following Special Report.

## PARTIES

1. The Plaintiff, Ricky Wade Davis ("Prisoner Davis"), is an Alabama Department of Corrections ("ADOC") prisoner, incarcerated in the Easterling Correctional Facility ("Easterling") in Clio, Alabama.

2. Plaintiff has named the following defendants:

   a. Donal Campbell ("Commissioner Campbell"), former Commissioner, ADOC. At all times relevant to this matter Commissioner Campbell was the Commissioner of the ADOC.

    b. Gwendolyn Mosley ("Warden Mosley"), Correctional Warden III, is employed by the ADOC at Easterling in Clio, Alabama. At all times relevant to this matter Warden Mosley was the Warden of Easterling.

    c. Robert Bryant ("Sergeant Bryant"), Correctional Officer II, was at all times relevant to this matter employed by the ADOC, at Easterling in Clio, Alabama.

    d. William Floyd ("Officer Floyd"), Correctional Officer I, is employed by the ADOC, at Easterling in Clio, Alabama. At all times relevant to this matter Officer Floyd was employed at Easterling.

    e. Kerry Williams ("Officer Williams"), Correctional Officer I, is employed by the ADOC, at Easterling. At all times relevant to this matter Officer Williams was employed at Easterling.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Plaintiff alleges that the Defendants violated his right to be free from cruel and unusual punishment, guaranteed by the Eighth Amendment of the United States Constitution, and his right to practice his religion, guaranteed by the First Amendment of the United States Constitution. Plaintiff asks for relief in the form of "preliminary injunction, temporary restraining order, an investigation of C.E.R.T., declaratory judgment, punitive damages, and a jury trial."

**DEFENDANTS' EXHIBITS**

1. Exhibit "A" - Affidavit of Warden Mosley, Correctional Warden III of Easterling.

2. Exhibit "B" – Affidavit of Sergeant Bryant, Correctional Officer II of Easterling.

3. Exhibit "C" – Affidavit of Kenneth Sconyers, Correctional Officer Supervisor II of Easterling.

4. Exhibit "D" – Affidavit of Officer Floyd, Correctional Officer I of Easterling.

5. Exhibit "E" – Affidavit of Officer Williams, Correctional Officer I of Easterling.

6. Exhibit "F" – Affidavit of Officer Ibeth Jones, Correctional Officer I of Easterling.

7. Exhibit "G" – Complaint and Affidavit of Prisoner Davis, #173073, ADOC inmate housed in Easterling Correctional Facility.

8. Exhibit "H" – Affidavit of Michael Brazell, #226568, ADOC inmate housed in Easterling.

9. Exhibit "I" – Affidavit of Thomas Adams, #100612, ADOC inmate housed in Easterling.

10. Exhibit "J" – Affidavit of Cedric Brooks, #162905, ADOC inmate housed in Easterling.

11. Exhibit "K" – Affidavit of Garrett Gaines, #173280, ADOC inmate housed in Easterling.

12. Exhibit "L" – ADOC Administrative Regulation Number 333 entitled "Religious Program Services."

13. Exhibit "M" – ADOC Administrative Regulation Number 303 entitled "Visitation."

14. Exhibit "N" – ADOC Administrative Regulation Number 338 entitled "Inmate Property."

15. Exhibit "O" – ADOC Administrative Regulation Number 403 entitled "Disiplinary Hearing Procedures for Major Rule Violations."

## DEFENDANTS' RESPONSE

1. It is in Easterling's penological interest to segregate the plaintiff from the general population due to plaintiff's repeated violations of prison rules.

2. Plaintiff has failed to allege facts sufficient to support an excessive force claim.

3. Plaintiff has failed to allege facts sufficient to support a restriction of freedom to exercise religion claim.

4. Defendants named in their official capacities are immune by virtue of sovereign immunity.

5. Defendants named in their individual capacities are immune by virtue of qualified immunity.

6. Defendants deny violating plaintiff's constitutional rights.

7.  Plaintiff has failed to state a claim upon which relief can be granted.

8.  Defendants request, pursuant to Fed. R. Civ. P. 12(c), that this Court consider this special report as a Motion for Summary Judgment as both parties have submitted affidavits in support of their positions and there are no material factual disputes.

## STATEMENT OF FACTS

Although Prisoner Davis and Defendants have submitted over twenty (20) pages of affidavit testimony, the facts of this matter are simple. On December 30, 2005 at or near 3:00AM, Prisoner Davis violated Rule #62 - Intentionally Creating a Security, Safety, or Health Hazard - by banging on his cell door and yelling at Officer Floyd and Officer Williams to turn off his cell light. (Ex. A, B, C, D, E, G, I, K, and O.) Minutes later, Officer Floyd, Sergeant Bryant and Officer Williams returned to Prisoner Davis's cell, hand-cuffed him and took him to the Segregation Lobby. (Ex. A, B, C, D, E, F, G, H, I, J, and K.) Prisoner Davis entered the Segregation Office with Bryant. (Ex. A, B, C, D, E, F and G.) Prisoner Davis alleges that Bryant slapped him several times in the face while they were in the Segregation Office. (Ex. G.) No one, other than Prisoner Davis, observed Bryant slapping him in the face. (Ex. A, B, C, D, E, F, H, I, J, K, and L.) Prisoner Davis was returned to his cell at approximately 3:08AM. (Ex. A, B, C, D, E, F, G, H, I, J, K, and L.) Prisoner Davis asked for a medical chart. (Ex. A, C, G, H, I, J, K, and L.)

At 3:15AM Nurse McKinley observed Prisoner Davis through his cell and determined that his request for a medical chart was unwarranted. (Ex. A and C.) At 7:35a.m. Prisoner Davis was examined by a medical professional, but did not require medical treatment for the redness on the side of his face. (Ex. C and G.) Prisoner Davis filed this suit four (4) days later on January 3, 2006. (Ex. G.)

## DISCUSSION OF PLAINTIFF'S CLAIMS

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. This case is ripe for summary judgment because the plaintiff cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims and the defendants are entitled to judgment as a matter of law.

### Sovereign Immunity

Prisoner Davis's claims against the Defendants, Commissioner Campbell, Warden Mosley, Sergeant Bryant, Officer Floyd, and Officer Williams, in their official capacities fail because the Defendants are

entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See Edelman v. Jordan, 415 U.S. at 663, 94 S. Ct at 1347 and Hans v. Louisiana, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Defendants were acting within the scope of their official duties in this instance on behalf of the State of Alabama. Therefore, Plaintiff brings suit against the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. Defendants in their official capacities are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, Ala. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state). All claims against the Defendants, Commissioner Campbell, Warden Mosley, Sergeant Bryant, Officer Floyd, and Officer Williams, in their official capacities are due to be dismissed.

**Qualified Immunity**

Prisoner Davis's claims against Defendants Campbell and Mosley are due to be dismissed by virtue of qualified immunity. Commissioner Campbell and Warden Mosley are designated as defendants solely on account of their supervisory roles as head of the ADOC and head of Easterling respectively. Supervisory officials cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or vicarious liability. Ford v. Deloach WL 1243346, *3 (M.D. Ala., 2005). To recover individually from Commissioner Campbell or Warden Mosley in their supervisory capacities, Prisoner Davis must show that they are liable either through their personal participation in the acts comprising the alleged constitutional violation or the existence of a causal connection linking their actions with the violation. Id. Prisoner Davis cannot survive summary judgment for Commissioner Campbell and Warden Mosley without a showing of a causal connection linking Commissioner Campbell's and Warden Mosley's actions to Prisoner Davis's allegations of constitutional violations. Even if Prisoner Davis could show a causal connection, the claims against them would not survive summary judgment since the claims are grounded solely on vicarious liability.

Prisoner Davis's claims against Defendants, Bryant, Floyd, and Williams, in their individual capacities, fail based on qualified immunity, which "protects government officials from civil trials and liability when

their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting Lassiter v. Alabama A&M Univ., Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994). Monitoring and restraining violent inmates is a dangerous undertaking that requires the use of discretion. Therefore, Plaintiff must allege a valid violation of his constitutional rights that a named Defendant was on notice that his actions violated clearly established law. Plaintiff's allegations of cruel and unusual punishment, even if proven, show nothing more than *de minimis* injury that did not require treatment. (Ex. D.) The Plaintiff has failed to allege any act or injury that rises to a constitutional violation of his rights as a prisoner. The Defendants are entitled to qualified immunity.

### Eighth Amendment Claim

Prisoner Davis's claim that Officers Floyd and Williams violated his Eighth Amendment rights is without merit. Prisoner Davis merely states that the Officers escorted him to the Segregation Lobby where Sergeant Bryant allegedly slapped him in the face. (Ex. G.) To state a valid excessive force claim, an inmate's injuries need not be significant, but must be more than *de minimis*. Harris v. Garner, 190 F.3d 1279, 1287 (11th Cir.); modified in part by Harris v. Garner, 216 F. 3d 970 (2000). Prisoner Davis does not allege any injuries as a result of being escorted

by Officers Floyd and Williams. (Ex. G.) Without injury, Prisoner Davis's claim against Officers Floyd and Williams fails.

Prisoner Davis's claim that Sergeant Bryant violated his Eighth Amendment rights when he allegedly slapped Prisoner Davis after Prisoner Davis refused to stop kicking his cell door fails even if Prisoner Davis's Affidavit is admitted as fact. Prisoner Davis's Complaint alleges no injury upon which he can base a valid excessive force claim. To state a valid excessive force claim, an inmate's injuries need not be significant, but must be more than *de minimis*. Harris, above.

The Eleventh Circuit follows a two part test to determine whether a plaintiff has established a valid excessive force claim. Lanier v. Fralic, No. Civ.A.98-0923AHL, 2000 WL 1844679 *4 (11th Cir. 2000). The test has an objective and subjective component. Id. Prisoner Davis's excessive force claim cannot be maintained unless he establishes:

1. That he suffered injury that was objectively harmful enough to establish a constitutional violation, and
2. That subjectively, defendant acted maliciously or sadistically to cause the plaintiff harm.

Id. Prisoner Davis alleges that Bryant slapped him in the face several times after being escorted to the Segregation Lobby for violating rule #62- Intentionally creating a security, safety, or health hazard. (Ex. A and G.) Prisoner Davis goes on to say that he was examined for injury. (Ex. G.) Prisoner Davis's medical records indicate that there was no need for

medical treatment as a result of the examination. (Ex. A and C.) Prisoner Davis alleges no suffering caused by lack of treatment. (Ex. G.) The Eleventh Circuit has observed that injuries resulting from similar usage of force alleged by Prisoner Davis are too minor to support the objective prong of the excessive force test. Lanier at *5 n.5. (citing as *de minimis* injuries: Markiewicz v. Washington, 1999 WL 196596 (7th Cir.1999) (a bruised shoulder from being shoved into a wall); Siglar v. Hightower, 112 F.3d 191 (5th Cir.1997) (a sore, bruised ear lasting three days); Williams v. Dehay, 1996 WL 128422 (4th Cir.1996) (transitory back and shoulder aches of limited duration); Schoka v. Swinney, 1995 WL 251126 (9th Cir.1995) (a 1.5 inch scratch on the back of the hand from handcuffs); Riley v. Dotson, 115 F.3d 1159 (4th Cir.1997) (a welt from a slap on the face); Lunsford v. Bennett, 17 F.3d 1574 (7th Cir.1994) (daily headaches without treatment from being hit with a water bucket); Norman v. Taylor, 25 F.3d 1259 (4th Cir.1994) (A sore and swollen thumb from being hit with keys)). See also Santiago v. Semenza, 965 F. Supp. 468, 472 (S.D.N.Y. 1997) (holding that an officer's striking an insubordinate prisoner in the face causing bruising was not excessive force). Plaintiff's allegations of injuries are *de minimis*, and his excessive force claim fails and Defendant Bryant is entitled to summary judgment.

### First Amendment Claim

Plaintiff's first amendment claim fails because it is nothing more than bare allegations unsupported by facts. In order to maintain a

successful First Amendment claim against the defendants, Plaintiff must articulate facts or circumstances that gave rise to a deprivation of his constitutional right to worship. Ex parte Quinlan 2005 WL 1253113 (Ala. 2005).

Even if the Court finds that Prisoner Davis has pled facts or circumstances that would give rise to a deprivation of rights claim, Prisoner Davis's First Amendment claim fails, and is due to be dismissed. Where a prison's practice or policy is reasonably related to a legitimate penological interest, the policy will be upheld as a valid restriction of a prisoner's constitutional rights as a matter of law. Pierce v. Smith 347 F.Supp.2d 1143, 1155 (M.D. Ala. 2004). Factors used to determine the reasonableness of the penological interest are:

> (a) whether a valid rational connection exists between the policy and the legitimate government interest; (b) whether an alternative means of exercising the constitutional right is available to the prisoner in spite of the policy; (c) whether, and the extent to which, accommodation of the asserted right will have an impact on other inmates, prison staff, or other prison resources in general; and (d) whether the regulation represents an "exaggerated response" to prison concerns.

Id. Warden Mosley states in her Affidavit that at all times relevant to this matter, Easterling operated in accordance to ADOC Regulations as they relate to visitation, religious practices, and prisoner's property. (Ex. A, L, M, and N.) Prisoner Davis is currently being denied the right to participate in religious ceremonies with population inmates due to fifteen separate incidences including: insubordination; threats; assaults on ADOC officials; intentionally creating a security, safety or health hazard; and failing to obey direct orders. (Ex. A.) Prisoner Davis has failed to allege that Easterling has acted unreasonably in separating him from the general population. Prisoner Davis has exhibited behavior that would endanger the remaining prison population, especially considering his presence would likely detract from the other inmate's religious experience. (See Ex. A.) Prisoner Davis's conduct is the sole reason for segregating him from the population, and he is allowed to keep his medicine bag if he asks for it. (Ex. A.) The reasonable penological interest of maintaining peace during religious ceremonies by disallowing recently misbehaving prisoners from participation is constitutionally sound. Therefore, prisoner Davis's First Amendment claim fails, and is due to be dismissed.

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). This case is ripe for summary judgment because there is no

genuine issue of fact as to the Plaintiff's claims and the Defendants are entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, Defendants, Campbell, Mosley, Bryant, Floyd, and Williams, respectfully request that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendants.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KING047


s/ *J. Matt Bledsoe*_____
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 4th day of April 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

MR. RICKY WADE DAVIS, #173073
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017


s/ <i>J. Matt Bledsoe</i>_____
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7340
(334) 242-2433 (fax)