EXHIBIT C

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY WADE DAVIS, #173073 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | CIVIL ACTION NO.2:06-CV-10-MEF |
| ) | |
| SGT. BRYANT, et.al., ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Kenneth Sconyers, who being known to me and being by me first duly sworn, deposes and says under oath as follows:

My name is Kenneth Sconyers and I am presently employed as a Correctional Officer Supervisor II, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Drive, Clio, AL 36017. I am over twenty-one (21) years of age.

On Friday, December 30, 2005, at approximately 9:00 AM, Sgt. Lewis Hulett, Segregation Unit Commander, advised me that Inmate Ricky Davis, W/173073, had complained that he had been physically assaulted by Officers working in the Segregation Unit and was not allowed to get an examination from the Health Care Unit. Sgt. Hulett advised me that upon receiving the complaint, Inmate Davis was escorted to the Health Care Unit where he was examined. Inmate Davis' Medical Report (Exhibit A) showed no indication of an assault.

I talked with Inmate Davis later that day about the alleged assault. I observed that Inmate Davis did have a red area below his

Affidavit-Kenneth Sconyers
Civil Action No.2:06-CV-10-MEF
Page 2

right eye. Inmate Davis claimed that the incident began when he requested that the Seg Officers, Officer William Floyd and Officer Kerry Williams, turn off his cell light, but they refused to do so. He stated that he then kicked the door to get their attention, but the officers left the cellblock. He said that they later returned with their supervisor, Sgt. Robert Bryant. He claimed that he was escorted into the Segregation Office and that Sgt. Bryant instructed Officers Floyd and Williams to wait outside the office. Inmate Davis said that Sgt. Bryant hit him on the right side of his face while he was handcuffed with his hands behind his back, pushed him in the face, and told him not to say anything. Inmate Davis stated that he was then escorted back to his cell and was denied his request to Nurse Pearl McKinnon (Seg Nurse) to receive a medical exam and treatment. I then questioned Inmate Garrett Gaines, B/ 173280, and Inmate Cedric Brooks, B/162905, who were assigned to cells nearby Inmate Davis' assigned cell. Both inmates stated that the incident occurred over inmate Davis kicking his door in an attempt to get his lights turned off to his cell. Both inmates said that inmate Davis attempted to get a medical exam as he was returned to his cell, but was denied. Neither of the inmates stated that they witnessed an assault on inmate Davis.

Sgt. Bryant telephoned me later that morning and reported that inmate Davis was escorted to the Seg Office due to slamming his metal bed against the cell door. Sgt. Bryant denied any physical assault on inmate Davis by any Officer. He added that Inmate Davis did not get

Affidavit-Kenneth Sconyers
Civil Action No.2:06-CV-10-MEF
Page 3

an examination because nothing was done to Inmate Davis to justify one.

I reported the incident to Warden Gwendolyn Mosley. Warden Mosley, Warden Carter F. Davenport, Captain Jeffery Knox, and I met with Sgt. Bryant, Officer Floyd, and Officer Williams the following week. We later questioned Officer Ibeth Jones who was working inside the cubicle on December 30. All officers denied any use of physical force against Inmate Davis. Statements were received from all involved officers and Nurse McKinnon. Nurse McKinnon's statement indicated that Inmate Davis had attempted to get an examination and that she had observed a red mark on Inmate Davis' face. Upon review of the incident, Warden Mosley referred the incident to the Departmental Investigation & Intelligence Division for further investigation. See attached statements from Sgt. Bryant (Exhibit B), Officer Floyd (Exhibit C), Officer Williams (Exhibit D), Officer Jones (Exhibit E), and Nurse Mckinnon (Exhibit F).

_Kenneth Sconyers_
Kenneth Sconyers

SWORN TO AND SUBSCRIBED TO before me this the 31st day of January, 2006.

_Linda E. Seal_
NOTARY PUBLIC

My Commission Expires: 7-15-07


PRISON HEALTH SERVICES INCORPORATED

# EMERGENCY

| ADMISSION DATE: 12/30/05 | TIME: 735 AM | ORIGINATING FACILITY: Easterling □ SIR □ PDL □ ESCAPEE □ | □ SICK CALL  □ EMERGENCY  ☑ OUTPATIENT |
|---|---|---|---|

**ALLERGIES:** PCN   wt. 166

**CONDITION ON ADMISSION:** ☑ GOOD  □ FAIR  □ POOR  □ SHOCK  □ HEMORRHAGE  □ COMA

**VITAL SIGNS:** TEMP 97.8 ORAL  RESP. 16  PULSE 96  B/P 140/80  RECHECK IF SYSTOLIC <100 > 50 ___/___

### NATURE OF INJURY OR ILLNESS

S - Bodychart per DOC

| ABRASION /// | CONTUSION # | BURN xx/xx | FRACTURE z/z | LACERATION / ____ SUTURES |
|---|---|---|---|---|

### PHYSICAL EXAMINATION

O - W/m A+O x 3 Resp c ease. Skin W/D - Slight redness noted to ® side of face c complaints voiced. WAD noted. Ø other injury noted.

A - Bodychart per DOC

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

P - No tx needed.

### DIAGNOSIS

### INSTRUCTIONS TO PATIENT

| DISCHARGE DATE: 12/30/05 | TIME: 745 AM | RELEASE / TRANSFERRED TO: ☑ DOC □ AMBULANCE □ | CONDITION ON DISCHARGE: ☑ SATISFACTORY □ FAIR □ POOR □ CRITICAL |
|---|---|---|---|

| NURSE'S SIGNATURE: S Bushell | DATE: 12/30 | PHYSICIAN'S SIGNATURE | DATE: 1/3/06 | CONSULTATION |
|---|---|---|---|---|

| INMATE NAME (LAST, FIRST, MIDDLE): Davis, Ricky | DOC#: 173073 | DOB: 1/30/75 | R/S: W/m | FAC.: ECF |
|---|---|---|---|---|

PHS-MD-70007   (White – Record Copy, Yellow – Pharmacy Copy)

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS                                    EXHIBIT B
INCIDENT REPORT

| 1. Institution: **Easterling Correctional Facility** | 2. Date: 12/30/2005 - | 3. Time: 2:45A.M. | 4. Incident Number: ECF-06-038 | Class Code: C |
|---|---|---|---|---|

5. Location Where Incident Occurred: **Segregation Office**

6. Type of Incident: R/V62-Intentionally Creating a Safety, Security and Health Hazard

7. Time Incident Reported: 2:50 A.M.

8. Who Received Report: Capt. Kenneth Sconyers

9. Victims:
   a. N/A     No. N/A
   b.         No.
   c.         No.

10. Suspects:
   a. Ricky Davis    No. W/173073

11.
   a. N/A    No. N/A

**PHYSICAL EVIDENCE:**

12. Type of Evidence: N/A

JAN 1 2 2006

13. Description of Evidence: N/A

14. Chain of Evidence:
   a. N/A

15. Narrative Summary:

On December 30, 2005, Sgt. Robert Bryant was assigned as Third Shift Commander. At approximately 2:50 AM, Sgt. Bryant was advised via telephone by Segregation Rover, Officer William Floyd that Inmate Ricky Davis, W/173073, which was housed in cell 5B-11, had his bed on it's end (up right position) slamming it back and forth against the cell door. At approximately 3:00 a.m., Sgt. Bryant entered the Segregation Unit. At approximately 3:03 a.m., Inmate Davis was ordered by Sgt. Bryant to place his hands through the tray door of his cell so that he (Inmate Davis) could be handcuffed. Inmate Davis complied with the order and was escorted to the Segregation Office by Sgt. Bryant, Officer Kerry Williams and Officer Floyd. Sgt. Bryant questioned Inmate Davis about the incident and Inmate Davis stated that he was slamming his bed against the door because he wanted his light out. Inmate Davis was verbally reprimanded by Sgt. Bryant on his negative behavior. At approximately 3:08 a.m., Inmate Davis was escorted to his cell by Officers Floyd and Williams. Inmate Davis remained in Disciplinary Segregation pending action taken for violation of rule #62-Intentionally creating a security, safety, or health hazard. No further action was taken.

Sgt. Robert Bryant

Distribution:  ORIGINAL AND ONE (1) COPY to Central I & I Division
               COPY to Institutional File
               COPY to Deputy Commissioner of Operations (Class A and B ONLY)
               COPY to Central Records Office

ADOC Form 302-A – June 1, 2005
09JAN06

On 12/30/2005, I Officer William Floyd was assigned as a Segregation Unit Rover. At approximately 2:45 AM, I observed Inmate Ricky Davis, W/173073 slamming his bed against his assigned cell door, 5B-11. The bed was standing on its end. Inmate Davis was upset because Officer Kerry Williams and I had been instructed by Sgt. Jason Baxley to move the bed from 5B-11 to 5B-09. Inmate Davis wanted to be moved to cell 5B-09 which housed another inmate. Officer Floyd explained to Inmate Davis that he could not be moved because due to his negative behavior he was restricted to one-man cell. At approximately 2:50 AM, Officer Floyd reported the incident to Sgt. Robert Bryant. At approximately 2:55 AM, Sgt. Bryant entered the Segregation Unit and instructed Officer Williams and I to handcuff Inmate Davis and escort him to the Segregation Office. At approximately 3:03 AM, Officer Williams and I removed Inmate Davis from his cell and escorted him to the Segregation Office where Sgt. Bryant verbally reprimanded Inmate Davis for his negative behavior. At approximately 3:08 AM, Officer Williams and I placed Inmate Davis back in his cell. I have no further knowledge.

William Floyd, COI

On December 29, 2005, I Officer Kerry Williams was assigned as a Segregation Unit Rover. At approximately 2:40 a.m., on December 30, 2005, Officer William Floyd and I had just completed switching bunks from cells 5B-11 and 5B-09 as instructed by Sgt. Jason Baxley. Inmate Ricky Davis, W/173073 which was housed in cell 5B-11, began slamming his bed against the cell door. Officer Floyd instructed Inmate Davis to cease his action. Inmate Davis did not comply. At approximately 2:45 a.m., Officer Floyd reported the incident to Sgt. Robert Bryant. At approximately 2:55 a.m., Sgt. Bryant entered the Segregation Unit and instructed Officer Floyd and I to remove Inmate Davis from his cell and escort him to the Segregation Office. At approximately 3:03 a.m., Officer Floyd and I escorted Inmate Davis to the Segregation Office where Sgt. Bryant verbally reprimanded Inmate Davis for his negative behavior. At approximately 3:08 a.m., Officer Floyd and I placed Inmate Davis back in his assigned cell. I have no further knowledge.

Kerry Williams, COI

On December 29, 2005, I, Officer Ibeth Jones was assigned as the Segregation Unit Cubicle Officer. At approximately 2:55 AM, on 12/30/2005, Sgt. Robert Bryant entered the Segregation Unit. At approximately 3:03 AM, Inmate Ricky Davis, W/173073, was removed from his cell by Sgt. Bryant and Officers William Floyd and Kerry Williams due to his disruptive behavior. He was then escorted to the Seg Office where he was verbally reprimanded by Sgt. Bryant, while Officers Floyd and Williams waited outside the Seg Office. At approximately 3:08 AM, Officer Floyd and Officer Williams escorted Inmate Davis back to his cell. I have no further knowledge.

Ibeth Jones, COI



**EXHIBIT F**

**PRISON HEALTH SERVICES INCORPORATED**

## PROGRESS NOTES

| Date/Time | Inmate's Name: Davis Ricky | D.O.B.: / / |

**12-30-05 / 3:15 Am** — While doing pill call in Seg on B Side inmate Davis stated to me that he needed a body chart due to being beat ↑ No visible distress noted. Able to view inmate thur cell door. Redness noted to Ⓡ side of face. ~~door~~ Explained to off on need for body chart Per Inmate request. States we will ~~do~~ bring him over to Feeding — Pinson R

**12-30-05 / 4:10 Am** — Again called Seg for inmate for Body chart talked to Off. I. Jones. States I will inform officers — Pinson R

**12-30-05 / 4:15** — Rec call from Shift Commander Sgt. Bryant States inmate does not need Body chart. — Pinson R