IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY WADE DAVIS, #173073, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:06-CV-10-MEF |
| | ) |
| SGT. BRYANT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## SPECIAL REPORT TO AMENDED COMPLAINT

**COMES NOW**, the Defendant, **Richard Allen,** and in accordance with this Honorable Court's Order of January 9, 2007, does hereby submit the following Special Report to Plaintiff's Amended Complaint.

## PARTIES

1.    The Plaintiff, Ricky Wade Davis ("Mr. Davis"), is an Alabama Department of Corrections ("ADOC") prisoner, incarcerated in the Easterling Correctional Facility ("Easterling") in Clio, Alabama.

2.    Plaintiff has named the following Defendants:

a. Donal    Campbell    ("Commissioner    Campbell"),    former Commissioner, ADOC. At all times relevant to this matter Commissioner Campbell was the Commissioner of the ADOC.

b. Gwendolyn Mosley ("Warden Mosley"), Correctional Warden III, is employed by the ADOC at Easterling in Clio, Alabama. At

all times relevant to this matter Warden Mosley was the Warden of Easterling.

c. Robert Bryant ("Sergeant Bryant"), Correctional Officer II, was at all times relevant to this matter employed by the ADOC, at Easterling in Clio, Alabama.

d. William Floyd ("Officer Floyd"), Correctional Officer I, is employed by the ADOC, at Easterling in Clio, Alabama. At all times relevant to this matter Officer Floyd was employed at Easterling.

e. Kerry Williams ("Officer Williams"), Correctional Officer I, is employed by the ADOC, at Easterling. At all times relevant to this matter Officer Williams was employed at Easterling.

3. Plaintiff has amended his complaint to add Richard Allen ("Commissioner Allen"), current Commissioner, ADOC, as a Defendant.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Plaintiff alleges that the Defendants violated his right to be free from cruel and unusual punishment, guaranteed by the Eighth Amendment of the United States Constitution, and his right to practice his religion, guaranteed by the First Amendment of the United States Constitution. Plaintiff asks for relief in the form of "preliminary injunction, temporary restraining order, an investigation of C.E.R.T., declaratory judgment, punitive damages, and a jury trial."

**DEFENDANT'S EXHIBITS**

1. Exhibit "A" - Affidavit of Warden Mosley, Correctional Warden III of Easterling.

2. Exhibit "B" – ADOC Administrative Regulation Number 333 entitled "Religious Program Services."

3. Exhibit "C" – ADOC Administrative Regulation Number 303 entitled "Visitation."

4. Exhibit "D" – ADOC Administrative Regulation Number 338 entitled "Inmate Property."

**DEFENDANT'S RESPONSE**

1. It is in Easterling's penological interest to segregate the Plaintiff from the general population due to Plaintiff's repeated violations of prison rules.

2. Plaintiff has failed to allege facts sufficient to support an excessive force claim.

3. Plaintiff has failed to allege facts sufficient to support a restriction of freedom to exercise religion claim.

4. Defendant is immune by virtue of sovereign immunity.

5. Defendant is immune by virtue of qualified immunity.

6. Defendant denies violating Plaintiff's constitutional rights.

7. Plaintiff has failed to state a claim upon which relief can be granted.

8.    Defendant requests, pursuant to Fed. R. Civ. P. 12(c), that this Court consider this special report as a Motion for Summary Judgment as both parties have submitted affidavits in support of their positions and there are no material factual disputes.

### STATEMENT OF FACTS

Although Mr. Davis and other Defendants have submitted over twenty (20) pages of affidavit testimony, the facts of this matter are simple. On December 30, 2005 at or near 3:00AM, Mr. Davis violated Rule #62 - Intentionally Creating a Security, Safety, or Health Hazard - by banging on his cell door and yelling at Officer Floyd and Officer Williams to turn off his cell light. (Ex. A.) Minutes later, Officer Floyd, Sergeant Bryant and Officer Williams returned to Mr. Davis's cell, hand-cuffed him and took him to the Segregation Lobby. (Ex. A.) Mr. Davis entered the Segregation Office with Bryant. (Ex. A.) Mr. Davis alleges that Bryant slapped him several times in the face while they were in the Segregation Office. (Court Doc. No. 1.) No one, other than Mr. Davis, observed Bryant slapping him in the face. (Ex. A.) Mr. Davis was returned to his cell at approximately 3:08AM. (Ex. A.) Mr. Davis asked for a medical chart. (Ex. A.) At 3:15AM Nurse McKinley observed Mr. Davis through his cell and determined that his request for a medical chart was unwarranted. (Ex. A.) At 7:35a.m. Mr. Davis was examined by a medical professional, but did not require medical treatment for the redness on the

side of his face. (Ex. A.) Mr. Davis filed this suit four (4) days later on January 3, 2006. (Court Doc. No. 1.)

## DISCUSSION OF PLAINTIFF'S CLAIMS

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. This case is ripe for summary judgment because the plaintiff cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims and the defendants are entitled to judgment as a matter of law.

### Sovereign Immunity

Mr. Davis's claims against the Defendant, Commissioner Allen, in his official capacity fails because the Defendant is entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The

Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See Edelman v. Jordan, 415 U.S. at 663, 94 S. Ct at 1347 and Hans v. Louisiana, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Defendant was acting within the scope of his official duties in this instance on behalf of the State of Alabama. Therefore, Plaintiff brings suit against the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. Commissioner Allen in his official capacity is absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, Ala. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state). All claims seeking monetary relief against the Defendant, Commissioner Allen, in his official capacity are due to be dismissed.

### Qualified Immunity

Mr. Davis's claims against Defendant, Commissioner Allen are due to be dismissed by virtue of qualified immunity. Commissioner Allen is designated as a defendant based solely on his supervisory role as head of the ADOC. Supervisory officials cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or vicarious liability. Ford v. Deloach WL 1243346, *3 (M.D. Ala., 2005). To recover individually from Commissioner Allen in his

supervisory capacity, Mr. Davis must show that he is liable either through his personal participation in the acts comprising the alleged constitutional violation or the existence of a causal connection linking his actions with the violation. Id. Mr. Davis cannot survive summary judgment for Commissioner Allen without showing a causal connection linking Commissioner Allen's actions to Mr. Davis's allegations of constitutional violations. Even if Mr. Davis could show a causal connection, the claims against him would not survive summary judgment since the claims are grounded solely on vicarious liability. See Id.

### First Amendment Claim

Plaintiff's first amendment claim fails because it is nothing more than bare allegations unsupported by facts. In order to maintain a successful First Amendment claim against the defendants, Plaintiff must articulate facts or circumstances that gave rise to a deprivation of his constitutional right to worship. Ex parte Quinlan 2005 WL 1253113 (Ala. 2005).

Even if the Court finds that Mr. Davis has pled facts or circumstances that would give rise to a deprivation of rights claim, Mr. Davis's First Amendment claim fails, and is due to be dismissed. Where a prison's practice or policy is reasonably related to a legitimate penological interest, the policy will be upheld as a valid restriction of a prisoner's constitutional rights as a matter of law. Pierce v. Smith 347

F.Supp.2d 1143, 1155 (M.D. Ala. 2004). Factors used to determine the reasonableness of the penological interest are:

> (a) whether a valid rational connection exists between the policy and the legitimate government interest; (b) whether an alternative means of exercising the constitutional right is available to the prisoner in spite of the policy; (c) whether, and the extent to which, accommodation of the asserted right will have an impact on other inmates, prison staff, or other prison resources in general; and (d) whether the regulation represents an "exaggerated response" to prison concerns.

Id. Warden Mosley states in her Affidavit that at all times relevant to this matter, Easterling operated in accordance to ADOC Regulations as they relate to visitation, religious practices, and prisoner's property. (Ex. A, B, C, and D.) Mr. Davis is currently being denied the right to participate in religious ceremonies with population inmates due to fifteen separate incidences including: insubordination; threats; assaults on ADOC officials; intentionally creating a security, safety or health hazard; and failing to obey direct orders. (Ex. A.) Mr. Davis has failed to allege that Easterling has acted unreasonably in separating him from the general population. Mr. Davis has exhibited behavior that would endanger the

remaining prison population, especially considering his presence would likely detract from the other inmate's religious experience. (See Ex. A.) Mr. Davis's conduct is the sole reason for segregating him from the population, and he is allowed to keep his medicine bag if he asks for it. (Ex. A.) The reasonable penological interest of maintaining peace during religious ceremonies by disallowing recently misbehaving prisoners from participation is constitutionally sound. Therefore, Mr. Davis's First Amendment claim fails, and is due to be dismissed.

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). This case is ripe for summary judgment because there is no genuine issue of fact as to the Plaintiff's claims and the Defendants are entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, Commissioner Allen, respectfully requests that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendant.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KING047

s/ *J. Matt Bledsoe*_____
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL


ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7340
(334) 242-2433 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 5th day of February, 2007, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

    Mr. Ricky Wade Davis, #173073
    Holman Correctional Facility
    3700 Holman
    Atmore, AL  36503


s/ *J. Matt Bledsoe*_____
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL