

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY WADE DAVIS, #173073 | ) |
| Plaintiff, | ) |
| Vs. | ) CIVIL ACTION NO.2:06-CV-10-MEF |
| SGT. BRYANT, et.al., | ) |
| Defendants. | ) |

### AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Gwendolyn Mosley, who being known to me and being by me first duly sworn, deposes and says under oath as follows:

My name is Gwendolyn Mosley and I am presently employed as a Correctional Warden III, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Drive, Clio, AL 36017. I am over twenty-one (21) years of age.

Inmate Ricky Davis, W/173073, had alleged that Sgt. Robert Bryant had physically assaulted him in the Segregation Unit Office on December 30, 2005. I met with Sgt. Bryant, Officer William Floyd, and Officer Kerry Williams, the following week. Assistant Warden Carter F. Davenport, Captain Jeffery Knox, and Captain Sconyers were also present. Officer Ibeth Jones, Segregation Cubicle Officer on December 30, was later questioned as well. Statements were received from all employees questioned. Sgt. Bryant, Officer Floyd, and Officer Williams all denied any use of force or observing any use of force (Exhibit A, B, C). Officer Jones stated that she observed no use of

Affidavit-Gwendolyn Mosley
Civil Action No.2:06-CV-10-MEF
Page 2

force from her cubicle post (Exhibit D). A statement was also received from Nurse Pearl McKinnon who conducted Segregation Unit pill call rounds on December 30. Nurse McKinnon's statement indicated that Inmate Davis had attempted to obtain an examination, but that he was never escorted to the Health Care Unit for the exam (Exhibit E). At my request, our Investigation & Intelligence Division further investigated the incident.

*Gwen C. Mosley*
Gwendolyn Mosley

SWORN TO AND SUBSCRIBED TO before me this the 3rd day of February, 2006.

*Linda E. Teal*
NOTARY PUBLIC

My Commission Expires: 7-15-07

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RICKY WADE DAVIS, #173073              )
                                       )
     Plaintiff,                        )
                                       )
Vs.                                    )   CIVIL ACTION NO.2:06-CV-10-MEF
                                       )
SGT. BRYANT, et.al.,                   )
                                       )
     Defendants.                       )

### AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Gwendolyn Mosley, who being known to me and being by me first duly sworn, deposes and says under oath as follows:

My name is Gwendolyn Mosley and I am presently employed as a Correctional Warden III, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Drive, Clio, AL 36017. I am over twenty-one (21) years of age.

### ADDITION TO PREVIOUS AFFIDAVIT

Inmate Ricky Davis, W/173073, has been assigned to our Segregation Unit since September 13, 2005. He is currently in Disciplinary Segregation status due to repeated incidents (fifteen) of Insubordination; Intentionally Creating a Security, Safety, or Health Hazard; Failure to Obey Direct Orders; Threats; and Assaults on Department of Corrections' Officials. He has been re-classed to Temporary Close Custody due to his behavior. Inmate Davis' custody and segregation status prevent him from participating in ceremonies

Affidavit-Gwendolyn Mosley
Civil Action No.2:06-CV-10-MEF (Add)
Page 2

with population inmates. There are no exceptions for Christians or Muslims as Inmate Davis alleges. He, like others in the Segregation Unit who profess the Native American Faith, is permitted, upon request, to maintain his Medicine Bag inside his assigned cell. Likewise, Muslims are allowed Prayer Rugs, and Christians are allowed Bibles. Inmate Davis has made no request, and his medicine bag remains in the Segregation Unit's Inmate Property Room.

_____
Gwendolyn Mosley

SWORN TO AND SUBSCRIBED TO before me this the 29th day of March, 2006.

_____
NOTARY PUBLIC

My Commission Expires: 7-15-07

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
INCIDENT REPORT

EXHIBIT #A

| | | | |
|---|---|---|---|
| 1. Institution: **Easterling Correctional Facility** | 2. Date: 12/30/2005 | 3. Time: 2:45 A.M. | 4. Incident Number: ECF-06-038   Class Code: C |
| 5. Location Where Incident Occurred: **Segregation Office** | | 6. Type of Incident: R/V62-Intentionally Creating a Safety, Security and Health Hazard | |
| 7. Time Incident Reported: 2:50 A.M. | | 8. Who Received Report: Capt. Kenneth Sconyers | |

9. Victims: Name / AIS
a. N/A   No. N/A
b.   No.
c.   No.

10. Suspects: Name / AIS
a. Ricky Davis   No. W/173073

11. Name / AIS
a. N/A   No. N/A

PHYSICAL EVIDENCE:
12. Type of Evidence
N/A

JAN 1 2 2006

13. Description of Evidence:
N/A

14. Chain of Evidence:
a. N/A

15. Narrative Summary:

On December 30, 2005, Sgt. Robert Bryant was assigned as Third Shift Commander. At approximately 2:50 AM, Sgt. Bryant was advised via telephone by Segregation Rover, Officer William Floyd that Inmate Ricky Davis, W/173073, which was housed in cell 5B-11, had his bed on it's end (up right position) slamming it back and forth against the cell door. At approximately 3:00 a.m., Sgt. Bryant entered the Segregation Unit. At approximately 3:03 a.m., Inmate Davis was ordered by Sgt. Bryant to place his hands through the tray door of his cell so that he (Inmate Davis) could be handcuffed. Inmate Davis complied with the order and was escorted to the Segregation Office by Sgt. Bryant, Officer Kerry Williams and Officer Floyd. Sgt. Bryant questioned Inmate Davis about the incident and Inmate Davis stated that he was slamming his bed against the door because he wanted his light out. Inmate Davis was verbally reprimanded by Sgt. Bryant on his negative behavior. At approximately 3:08 a.m., Inmate Davis was escorted to his cell by Officers Floyd and Williams. Inmate Davis remained in Disciplinary Segregation pending action taken for violation of rule #62-Intentionally creating a security, safety, or health hazard. No further action was taken.

Sgt. Robert Bryant

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division
COPY to Institutional File
COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Central Records Office

ADOC Form 302-A – June 1, 2005
09JAN06

EXHIBIT B

On 12/30/2005, I Officer William Floyd was assigned as a Segregation Unit Rover. At approximately 2:45 AM, I observed Inmate Ricky Davis, W/173073 slamming his bed against his assigned cell door, 5B-11. The bed was standing on its end. Inmate Davis was upset because Officer Kerry Williams and I had been instructed by Sgt. Jason Baxley to move the bed from 5B-11 to 5B-09. Inmate Davis wanted to be moved to cell 5B-09 which housed another inmate. Officer Floyd explained to Inmate Davis that he could not be moved because due to his negative behavior he was restricted to one-man cell. At approximately 2:50 AM, Officer Floyd reported the incident to Sgt. Robert Bryant. At approximately 2:55 AM, Sgt. Bryant entered the Segregation Unit and instructed Officer Williams and I to handcuff Inmate Davis and escort him to the Segregation Office. At approximately 3:03 AM, Officer Williams and I removed Inmate Davis from his cell and escorted him to the Segregation Office where Sgt. Bryant verbally reprimanded Inmate Davis for his negative behavior. At approximately 3:08 AM, Officer Williams and I placed Inmate Davis back in his cell. I have no further knowledge.

William Floyd, COI

On December 29, 2005, I Officer Kerry Williams was assigned as a Segregation Unit Rover. At approximately 2:40 a.m., on December 30, 2005, Officer William Floyd and I had just completed switching bunks from cells 5B-11 and 5B-09 as instructed by Sgt. Jason Baxley. Inmate Ricky Davis, W/173073 which was housed in cell 5B-11, began slamming his bed against the cell door. Officer Floyd instructed Inmate Davis to cease his action. Inmate Davis did not comply. At approximately 2:45 a.m., Officer Floyd reported the incident to Sgt. Robert Bryant. At approximately 2:55 a.m., Sgt. Bryant entered the Segregation Unit and instructed Officer Floyd and I to remove Inmate Davis from his cell and escort him to the Segregation Office. At approximately 3:03 a.m., Officer Floyd and I escorted Inmate Davis to the Segregation Office where Sgt. Bryant verbally reprimanded Inmate Davis for his negative behavior. At approximately 3:08 a.m., Officer Floyd and I placed Inmate Davis back in his assigned cell. I have no further knowledge.

Kerry Williams, COI

EXHIBIT D

On December 29, 2005, I, Officer Ibeth Jones was assigned as the Segregation Unit Cubicle Officer. At approximately 2:55 AM, on 12/30/2005, Sgt. Robert Bryant entered the Segregation Unit. At approximately 3:03 AM, Inmate Ricky Davis, W/173073, was removed from his cell by Sgt. Bryant and Officers William Floyd and Kerry Williams due to his disruptive behavior. He was then escorted to the Seg Office where he was verbally reprimanded by Sgt. Bryant, while Officers Floyd and Williams waited outside the Seg Office. At approximately 3:08 AM, Officer Floyd and Officer Williams escorted Inmate Davis back to his cell. I have no further knowledge.

*Ibeth Jones, COI*



EXHIBIT E

**PRISON HEALTH SERVICES INCORPORATED**

## PROGRESS NOTES

| Date/Time | Inmate's Name: Davis Ricky | D.O.B.: / / |
|---|---|---|

**12-30-05 / 3:15 AM** — While doing pill call in Seg on B Side, inmate Davis stated to me that he needed a body chart due to being beat ↑. No visible distress noted. Able to view inmate thru cell door. Redness noted to (R) side of face. Explained to Off. on need for body chart per inmate request. States we will do it bring him over @ feeding — P. Nixon LPN

**12-30-05 / 4:10 AM** — Again called Seg for inmate for body chart. Talked to Off. L. Jones. States I will inform officers — P. Nixon LPN

**12-30-05 / 4:15** — Rec call from shift commander Sgt. Bryant, states inmate does not need body chart. — P. Nixon LPN