IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY WADE DAVIS, #173073, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-10-MEF |
| ) | [WO] |
| SGT. BRYANT, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Ricky Wade Davis ["Davis"], a state inmate, filed this 42 U.S.C. § 1983 complaint challenging actions taken against him during his confinement at the Easterling Correctional Facility. In this complaint, Davis argues that Sgt. Robert Bryant, a correctional officer employed at the aforementioned facility, subjected him to the use of excessive force on December 30, 2005. This is the sole claim lodged against defendant Bryant in the complaint and, therefore, remains the only claim presently pending in this cause of action.[1] Davis seeks declaratory relief and monetary damages.

On April 4, 2006, the defendant filed a special report and supporting evidentiary materials addressing the claims for relief presented in the complaint. Pursuant to the orders entered herein, the court deems it appropriate to treat this report as a motion for summary

---

[1] Davis filed a motion to dismiss his claims against all defendants with the exception of the excessive force claim asserted against defendant Bryant. *Plaintiff's Motion to Dismiss - Court Doc. No. 45*. The court granted this motion on March 13, 2008 (Court Doc. No. 47).

judgment. *Order of April 10, 2006 - Court Doc. No. 24*. Thus, this case is now pending on defendant Bryant's motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof and the plaintiff's responses in opposition to the motion, the court concludes that defendant Bryant's motion for summary judgment is due to be granted in part and denied in part.

## I. STANDARD OF REVIEW

To survive the defendant's properly supported motion for summary judgment, Davis is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim of a constitutional violation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a properly supported motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir.

1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275,

1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not thereby escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Davis has demonstrated a genuine issue of material fact in order to preclude entry of summary judgment on his excessive force claim against defendant Bryant in his individual capacity. However, the defendant is entitled to summary judgment on the claim lodged against him in his official capacity.

## II. DISCUSSION

In his complaint, Davis maintains that on December 30, 2005 while his hands were cuffed behind his back defendant Bryant "slapped [him] around repeatedly...." *Plaintiff's Complaint - Court Doc. No. 1* at 3. Davis alleges he suffered a black eye, loosened teeth and damage to his ear as a result of this unprovoked attack. *Id.* The defendant adamantly denies the allegations made against him. Specifically, defendant Bryant asserts that in the early morning hours on the date in question Davis became extremely disruptive by "slamming his bed against his cell door ... keeping [other inmates in the segregation unit] from sleeping." *Defendant's Exhibit B (Affidavit of Robert Bryant) - Court Doc. No. 23-2*

at 1. Bryant contends that in response to Davis' unruly behavior he ordered that Davis be handcuffed, removed from his cell and escorted to the segregation office. The defendant maintains such actions occurred without incident.

> I ordered Inmate Davis to place his hands through his cell tray door to be handcuffed. Inmate Davis was removed from his cell by Officers Floyd, Williams, and myself, and escorted to the Segregation Office. Inmate Davis was being uncooperative and belligerent toward Officers Floyd and Williams. I observed both officers getting frustrated with Inmate Davis. I instructed Officers Floyd and Williams to exit the office. I questioned Inmate Davis as to why he was slamming his bed against his cell door. Inmate Davis stated he wanted his lights turned off, and he had tried to get Officers Floyd and Williams to get them off. I verbally reprimanded Inmate Davis for his negative behavior. At no time was Inmate Davis threatened or assaulted by me....

*Defendant's Exhibit B (Affidavit of Robert Bryant) - Court Doc. No. 23-2* at 1-2.

### A. Absolute Immunity

To the extent Davis sues defendant Bryant in his official capacity, Bryant is immune from suit. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not

abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that defendant Bryant is a state official entitled to Eleventh Amendment immunity when sued in his official capacity. Thus, the defendant is entitled to absolute immunity from the excessive force claim asserted against him in his official capacity.

### B. Individual Capacity

Defendant Bryant argues that he is entitled to qualified immunity on the plaintiff's excessive force claim. However, the law of this Circuit precludes a defense of qualified immunity in cases alleging excessive force in violation of the Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation. *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), citing *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986). Thus, a qualified immunity defense is not available when a plaintiff asserts the use of excessive force and the only question for a federal district court is whether the plaintiff has alleged facts sufficient to survive a motion for summary judgment, unless the force used was *de minimis*. *Id.* at 1302; *see also Hudson,* 503 U.S. at 9-10; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). Accordingly, this court will consider whether the plaintiff's allegation that defendant Bryant used excessive force against him, which the court must

take as true for purposes of summary judgment, sets forth a violation of his Eighth Amendment rights.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301.

Davis contends that while restrained in handcuffs defendant Bryant repeatedly slapped him for no reason. Davis asserts that as a result of this assault he suffered a black eye, loosened teeth and an injury to his ear. The defendant, however, denies Davis' allegation of excessive force and maintains he did not at any time on December 30, 2005 use physical force against Davis. Viewing the facts in the light most favorable to Davis, as is required at this stage of the proceedings, the court concludes that the defendant is not

entitled to qualified immunity as the plaintiff has alleged facts sufficient to survive a motion for summary judgment. *See Skrtich*, 280 F.3d at 1301. Consequently, the motion for summary judgment with respect to the excessive force claim against defendant Bryant in his individual capacity should be denied.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment with respect to the plaintiff's excessive force claim against defendant Bryant in his official capacity be GRANTED and such claim be DISMISSED with prejudice as the defendant is entitled to absolute immunity on any such claim.

2. The motion for summary judgment as to the plaintiff's excessive force claim against defendant Bryant in his individual capacity be DENIED.

3. The plaintiff's excessive force claim against defendant Bryant in his individual capacity arising from the alleged December 30, 2005 physical altercation be set for a jury trial.

It is further

ORDERED that on or before March 27, 2008 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of March, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE