IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY WADE DAVIS, #173073 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:06-CV-10-MEF |
| | ) |
| SGT. BRYANT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S OBJECTION TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE

**COMES NOW**, the defendant, **Sgt. Robert Bryant,** and does hereby object to the Recommendation of the Magistrate Judge, and in support submits the following:

### PARTIES

1. The Plaintiff, Ricky Wade Davis ("Mr. Davis"), is an Alabama Department of Corrections ("ADOC") prisoner, incarcerated in the Holman Correctional Facility ("Holman") in Atmore, Alabama. Mr. Davis was incarcerated at Easterling Correctional Facility ("Easterling") in Clio, Alabama at all times relevant to this action.

2. Plaintiff has named the following defendants:

   a. Donal Campbell ("Campbell"), former Commissioner, ADOC. At all times relevant to this matter Commissioner Campbell was the Commissioner of the ADOC.

b. Richard Allen ("Allen"), current Commissioner, ADOC.

c. Gwendolyn Mosley ("Mosley"), Institutional Coordinator, is employed by the ADOC. At all times relevant to this matter Warden Mosley was the Warden of Easterling.

d. Robert Bryant ("Sgt. Bryant"), Correctional Officer II, was at all times relevant to this matter employed by the ADOC at Easterling.

e. William Floyd ("Floyd"), Correctional Officer I (COI), is employed by the ADOC, at Easterling. At all times relevant to this matter Officer Floyd was employed at Easterling.

f. Kerry Williams ("Williams"), COI, is employed by the ADOC at Easterling. At all times relevant to this matter Officer Williams was employed at Easterling.

**PLAINTIFF'S INITIAL ALLEGATIONS AND DEMANDS[1]**

Plaintiff alleges that the defendants violated his right to be free from cruel and unusual punishment, guaranteed by the Eighth Amendment of the United States Constitution and his right to practice his religion, guaranteed by the First Amendment of the United States Constitution. Plaintiff asks for relief in the form of "preliminary injunction, temporary restraining order, an investigation of C.E.R.T., declaratory judgment, punitive damages, and a jury trial."

---

[1] Plaintiff voluntarily dismissed claims but the Eighth Amendment violation by Sgt. Bryant.

## PROCEDURAL HISTORY

Plaintiff filed his complaint on January 5, 2006, against Sgt. Bryant, Campbell, Mosley, Baxley, Floyd, Williams, Sconyers, PHS and Nurse McKinley, along with a Motion for Temporary Restraining Order. [Court Doc. #1]  The Court denied the Motion for Temporary Restraining Order on January 5, 2006 and referred the case to the magistrate judge for recommendation on all pretrial matters.  [Court Doc. #4]  Plaintiff's complaint was construed as a Motion for Preliminary Injunction and was denied on January 6, 2006.  [Court Doc. #6]  Plaintiff filed an objection to the denial on January 17, 2006.  [Court Doc. #7]  Court issued an order to file special report on January 24, 2006.  [Court Doc. #11]  On January 30, 2006, the Court overruled the plaintiff's objection and denied the motion for preliminary injunction.  [Court Doc. #13]

On March 3, 2006, plaintiff filed for leave to file an Amended Complaint.  [Court Doc. #16]  On March 6, 2006, defendants Sconyers, Bryant, Campbell, Mosley, Floyd and Williams filed a Motion for Extension of Time, which was granted.  [Court Docs. #17, #18]  The Court granted the plaintiff's Motion to Amend Complaint on March 6, 2006.  [Court Docs. #19, #20]

On April 4, 2006, defendants filed an Answer and a Special Report. [Court Docs. #23, #24]  On April 4, 2006, the magistrate judge recommended that defendants' special report be treated as a motion for summary judgment, and on April 10, 2006, the plaintiff was given 20 days

to respond. [Court Doc. #24] On April 13, 2006, the plaintiff filed a Declaration/Response to the Answer and Special Report. [Court Doc. #25] On May 23, 2006, plaintiff filed a Motion for Disclosure, and the Court construed it as a Motion for Production of Documents and requested that defendants file a supplement to their special report. [Court Docs. #26, #27] Defendants filed a supplemental response on June 6, 2006, and on June 13, 2006. [Court Docs. #30, #31] Plaintiff filed a motion to add Richard Allen as a defendant, which was granted on January 9, 2007. [Court Docs. #34, #35] Allen was ordered to file a special report. [Court Doc. #35] Allen filed his Answer and his Special Report [Court Docs. #38, #39] on February 5, 2007. Plaintiff was ordered to file a response by February 26, 20078 [Court Doc. #40] but requested an extension of time [Court Doc. #41] which was granted. [Court Docs. #40-#42] On March 27, 2007, plaintiff filed his response to written report. [Court Doc. #43]

On February 21, 2008, Plaintiff filed a motion to dismiss all defendants except Sgt. Bryant. [Court Doc. #45] On February 22, 2008, the magistrate judge recommended the plaintiff's motion to dismiss certain defendants be granted, and the Court adopted the recommendation on March 13, 2008. [Court Docs. #46, #47]

On March 14, 2008, the magistrate judge recommended that the motion for summary judgment filed by Bryant be granted, as to his official capacity, but be denied in Bryant's individual capacity. [Court Doc. #48] The matter is set for a jury trial. Id.

## STATEMENT OF FACTS

On December 30, 2005 at or near 3:00AM, Mr. Davis violated Rule #62 – "Intentionally Creating a Security, Safety, or Health Hazard" by banging on his cell door and yelling at Floyd and Williams to turn off his cell light.  [Court Doc. #23, Ex. A, B, C, D, E, G, I, K, and O]  Minutes later, Floyd, Sgt. Bryant and Williams returned to Mr. Davis' cell, handcuffed him and took him to the Segregation Lobby. [Court Doc. #23, Ex. A, B, C, D, E, F, G, H, I, J, and K] Prisoner Davis entered the Segregation Office with Sgt. Bryant. [Court Doc. #23, Ex. A, B, C, D, E, F and G] Mr. Davis alleges that Sgt. Bryant slapped him several times in the face while they were in the Segregation Office.  [Court Doc. #1]  No one, other than Mr. Davis, observed Sgt. Bryant slapping him in the face.  [Court Doc. #23, Ex. A, B, C, D, E, F, H, I, J, K, and L]  Mr. Davis was returned to his cell at approximately 3:08AM.  [Court Doc. #23, Ex. A, B, C, D, E, F, G, H, I, J, K, and L]  Mr. Davis asked for a medical chart. [Court Doc. #23, Ex. A, C, G, H, I, J, K, and L]  At 7:35AM, Mr. Davis was examined by a medical professional, but did not require medical treatment for the redness on the side of his face. [Court Doc. #23, Ex. C., p. 4]  Mr. Davis filed this suit four (4) days later on January 3, 2006. [Court Doc. #1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant *can submit substantial evidence* that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. This case is ripe for summary judgment because the plaintiff *did not present substantial evidence that there is a genuine issue of material fact* as to any of his claims and the defendant is entitled to judgment as a matter of law.

**Qualified Immunity**

Plaintiff's claims against defendant, Sgt. Bryant, in his individual capacity, fail based on qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting Lassiter v. Alabama A&M Univ., Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994). Monitoring and restraining violent inmates is a dangerous undertaking that requires the use of discretion. Therefore, plaintiff must allege a valid violation of his constitutional rights and show

that the defendant was on notice that his actions violated clearly established law.  Mr. Davis has failed to support with substantial evidence that he suffered any injury that rises to a constitutional violation of his rights as a prisoner.  Sgt. Bryant is entitled to qualified immunity.

### Eighth Amendment Claim Against Sgt. Bryant

Mr. Davis' claim that Sgt. Bryant violated his Eighth Amendment rights is without merit.  Mr. Davis states that Sgt. Bryant struck him in the face after he was insubordinate.  [Court Doc. #1]  To state a valid excessive force claim, an inmate's injuries need not be significant, but must be more than *de minimis*.  Harris v. Garner, 190 F.3d 1279, 1287 (11th Cir.); modified in part by Harris v. Garner, 216 F. 3d 970 (2000).

Mr. Davis *alleges* an injury upon which he could make a valid excessive force claim.[2]  Mr. Davis claims that Sgt. Bryant maliciously and repeatedly hit him in the face.  [Court Doc. #1]  However, undisputed medical records show that at 7:35AM Mr. Davis was examined by a nurse who noted slight redness to the right side of his face. [Court Doc #23, Ex. C., p. 4]  No other injury was noted. Id. Mr. Davis did not need nor did he receive treatment for the redness. Id.

Witnesses for Mr. Davis do not ever mention loose teeth or a black eye.  Garrett Gaines, ("Mr. Gaines") states in his affidavit that minutes after Mr. Davis returned from the lobby, he had a "hand-print like bruise." [Court Doc. #1-2, at p. 2]  Michael Brazell ("Mr. Brazell"), states that

---

[2] Black eye and loose teeth.  [Court Doc. No. 1]

Mr. Davis' face was, "extremely *red*, as well as some swelling to the right side of his face around his eye." Id. at p. 5. Cedric Brooks, ("Mr. Brooks") states that, "his face was *red* with bruise." Id. at p. 7. Mr. Davis' own affidavit states that, "my mouth was bleeding and my ear was ringing. My eye started to swell immediately." Id. at p. 11. Finally, Thomas Adams ("Mr. Adams") states that, "you could see some blood from his mouth, his face was starting to swell, he was walking off balance . . . saying "ya'll see what he done, do ya'll see this shit." Id. at p. 14. Mr. Davis did not produce any evidence that he had any loose teeth or that he later developed a black eye that would need treatment. He never alleges that he needed to be treated, other than to "have a body chart done." Id. at 12. The evidence shows that when he did get examined approximately four (4) hours later, he had only mild redness on his face and did not require treatment. [Court Doc. #23, Ex. C., p. 4]

To state a valid excessive force claim, an inmate's injuries need not be significant, but must be more than *de minimis*. Harris, above. To satisfy the summary judgment standard, Mr. Davis, the non-movant, must submit substantial evidence that his injury was more than mere redness on his face. Celotex, above. Otherwise, Sgt. Davis, the movant is entitled to summary judgment because the 11th Circuit has established that such an injury is *de minimis*.

The Eleventh Circuit follows a two part test to determine whether a plaintiff has established a valid excessive force claim. Lanier v. Fralic,

No. Civ.A.98-0923AHL, 2000 WL 1844679 *4 (11th Cir. 2000).  The test has an objective and subjective component.  Id.  Mr. Davis' excessive force claim cannot be maintained unless he establishes:

1. That he suffered injury that was objectively harmful enough to establish a constitutional violation, and

2. That subjectively, defendant acted maliciously or sadistically to cause the plaintiff harm.

Id.

**Objective Component**

Mr. Davis alleges in his Complaint that Sgt. Bryant struck him in the face several times after creating a disturbance at Easterling at three-o-clock in the morning.  [Court Doc. #1, p. 3]  Mr. Davis claims in his Complaint that the alleged beating caused a black eye and loose teeth.  Id.  Mr. Davis does not mention the black eye or loose teeth in his affidavit.  [Court Doc. #1-2, p. 11]  He did not produce any evidence that he had any loose teeth or that he later developed a black eye that would need treatment.  He never alleges that he needed to be treated, other than to "have a body chart done."  Id. at 12.  The evidence shows that when he did get examined approximately four (4) hours later, he had only mild redness on his face and did not require treatment.  [Court doc. #23, Ex. C., p. 4]  Mr. Davis alleges no other suffering.  [Court Doc. #1]

The Eleventh Circuit has observed that injuries resulting from similar usage of force alleged by Mr. Davis are too minor to support the

- 9 -

objective prong of the excessive force test. Lanier at *5 n.5. (citing as *de minimis* injuries: Markiewicz v. Washington, 1999 WL 196596 (7th Cir.1999) (a bruised shoulder from being shoved into a wall); Siglar v. Hightower, 112 F.3d 191 (5th Cir.1997) (a sore, bruised ear lasting three days); Williams v. Dehay, 1996 WL 128422 (4th Cir.1996) (transitory back and shoulder aches of limited duration); Schoka v. Swinney, 1995 WL 251126 (9th Cir.1995) (a 1.5 inch scratch on the back of the hand from handcuffs); Riley v. Dotson, 115 F.3d 1159 (4th Cir.1997) (*a welt from a slap on the face*); Lunsford v. Bennett, 17 F.3d 1574 (7th Cir.1994) (daily headaches without treatment from being hit with a water bucket); Norman v. Taylor, 25 F.3d 1259 (4th Cir.1994) (a sore and swollen thumb from being hit with keys). See also Santiago v. Semenza, 965 F. Supp. 468, 472 (S.D.N.Y. 1997) (holding that an officer's striking an insubordinate prisoner in the face causing bruising was not excessive force). Plaintiff's allegations of injuries are *de minimis*, and his excessive force claim fails and Sgt. Bryant is entitled to summary judgment.

**Subjective Component**

Weighing the five factors set out in Lanier above, (1) the extent of injury suffered; (2) the need for the application of force; (3) the relation between the need for force and the amount of force actually used; (4) the threat reasonably perceived; and (5) any efforts to temper the severity of a

forceful response, Mr. Davis cannot, subjectively, show Sgt. Bryant acted maliciously or sadistically to cause him harm.

The facts, when taken in the light most favorable to the plaintiff, show at a minimum that Mr. Davis disobeyed several direct orders to stop kicking his door. [Court Doc. #23, Ex. A, B, C, D, E, G, I, K, and O] Minutes later, Floyd, Sgt. Bryant and Williams returned to Mr. Davis' cell, hand-cuffed him and took him to the Segregation Lobby. Id. at, Ex. A, B, C, D, E, F, G, H, I, J, and K.  Mr. Davis entered the Segregation Office with Bryant. Id. at Ex. A, B, C, D, E, F and G. Mr. Davis alleges that Sgt. Bryant slapped him several times in the face while they were in the Segregation Office. [Court Doc. #1] No one, other than Mr. Davis, observed Sgt. Bryant slapping him in the face. Id. at Ex. A, B, C, D, E, F, H, I, J, K, and L. Mr. Davis was returned to his cell at approximately 3:08AM. Id. at Ex. A, B, C, D, E, F, G, H, I, J, K, and L. The side of his face was red. [Court Docs. #1, #2] Mr. Davis was examined by a medical professional, but did not require medical treatment for the redness on the side of his face. [Court Doc. #23, Ex. C, p. 4] Mr. Davis filed this suit four (4) days later on January 3, 2006. [Court Doc. #1] Mr. Davis has not since been treated for any of the alleged injuries.

The application of force was justified considering Mr. Davis was insubordinate at three-o-clock in the morning. An overwhelming amount of undisputed evidence, including plaintiff's own testimony, and his witnesses' testimony shows that Mr. Davis was kicking and screaming in

his cell. Id. at Ex. A, B, C, D, E, G, I, K, and O. The force used by Sgt. Bryant was necessary to maintain order in the prison.

Considering the entirety of the circumstances, the force used by Sgt. Bryant, and the *de minimis* injury incurred by Mr. Davis, it cannot be held that Mr. Davis' Eighth Amendment rights were violated. Sgt. Bryant is due to be granted summary judgment in his favor.

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). This case is ripe for summary judgment because there is no genuine issue of fact as to the plaintiff's claims and the defendant is entitled to judgment as a matter of law.

## CONCLUSION

Based on the previously submitted evidence, defendant, Sgt. Bryant, respectfully objects to the Recommendation of the Magistrate, requests that this Honorable Court enter judgment in favor of all defendants.

Respectfully submitted on this 27th day of March, 2008.

                        TROY KING
                        ATTORNEY GENERAL
                        KING047


                        s/ J. Matt Bledsoe_____
                        J. Matt Bledsoe (BLE 006)
                        ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

- 13 -

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7443
(334) 242-2433 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 27th day of March, 2008, electronically filed the foregoing with the Clerk of the Court, using the CM/ECF filing system, and that I have further served a copy of the foregoing upon the plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Ricky Wade Davis, #173073
Holman Correctional Facility
3700 Holman
Atmore, AL  36503

s/ J. Matt Bledsoe_____
OF COUNSEL